# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0127, <u>Mike Puiia v. Sarah Miner & a.</u>, the court on September 26, 2019, issued the following order:**

Having considered the brief, the memoranda of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Mike Puiia, appeals an order of the Superior Court (<u>Howard</u>, J.) dismissing his complaints against the defendants, Sarah Miner, Elizabeth Ann Marcotte, Lea Gardner-Elkin, Amy Coombs, and Whole Life Health Care. We construe his brief to contend that the trial court erred by: (1) not finding that allegedly delayed and incomplete discovery in a collateral family division matter tolled the statute of limitations on his tort claims here; (2) not finding that his amended complaint against Miner adequately specified her allegedly tortious statements and acts; (3) finding that Coombs, Gardner-Elkin, and Marcotte were immune from liability under RSA 169-C:31 (2014); (4) not waiving "some procedural rules" because the collateral case was "enormous, complicated and highly-atypical"; (5) not maintaining documents from the collateral matter under seal; and (6) finding his pleadings moot after granting the defendants' motions to dismiss.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Bassett, Hantz Marconi, and Donovan, JJ., concurred.

Eileen Fox,
**Clerk**